## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **TAWNIE EGGLESTON**<br><br>        **Plaintiff,**<br><br>**vs.**<br><br>**CLEARFIELD CITY**<br><br>        **Defendants.** | **MEMORADNUM DECISION AND ORDER REMANDING CASE**<br><br>**Case No. 1:23mc0044 DAK**<br><br>**Judge Dale A. Kimball** |

Pro Se Plaintiff Tawnie Eggleston (also known as Tawnie: Eggleston ©) filed a "Notice of Removal" on April 14, 2023, purporting to remove a criminal case that previously had been pending in the Second District Court, Davis County, State of Utah.[1] Because this court has no jurisdiction over this action, it is summarily remanded to the Second District Court.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U. S. 375, 377 (1994). And lower federal-court jurisdiction "is further limited to those subjects encompassed within a statutory grant of jurisdiction." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U. S. 546, 552 (2005). Accordingly, "the district courts may not exercise jurisdiction absent a statutory basis." *Id*. A party seeking to remove a case to the federal court has the burden of demonstrating the existence of federal jurisdiction. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U. S. 546, 552 (2005). Further, federal removal jurisdiction is strictly construed, and all doubts are to be resolved against removal. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). "The party seeking removal must show that jurisdiction exists by a preponderance of the evidence. *Dutcher v. Matheson*, 840 F.3d 1183, 1189 (10th Cir. 2016).

---

[1] *Clearfield City v. Tawnie Renee Eggleston*, Case No. 221701933.

Under the removal statute, 28 U.S.C. § 1446(a), a defendant "desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."

The statute requires a defendant to include in the notice of removal "all grounds for such removal" and further mandates that "[a] failure to state grounds which exist at the time of the filing of the notice shall constitute a waiver of such grounds." Moreover, the notice of removal "shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time."

Finally, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4); *New Hampshire v. Woodham*, Case No. 21-cr-128-JL, 2022 WL 1432069 (D.N.H. April 6, 2022) (recognizing that the "federal court must remand a removed state criminal case where the removal documents, on their face, fail to demonstrate that the matter is properly removed to federal court)(citing 28 U.S.C. § 1455(b)(4)).

Here, Ms. Eggleston has failed to provide any meritorious basis for removing this action. Not only is her removal untimely, as she was sentenced pursuant to a plea of no contest in November 2022,[2]

---

[2] On November 29, 2022, Ms. Eggleston was sentenced to 22 days in jail, with credit for time served. She was also placed on probation for twelve months. The removal statute "clearly does not contemplate removal of a case *after* conviction." *See*, *e.g.*, *Nevada v. Gilbert*, Case No. 22-3246-JWL-JPO, 2022 WL 9332991 (D. Kan. Oct. 14, 2022) (citing *Miller v. Louisiana*, Civil Action No. 18-14251, 2019 WL 1293273, at *2 (E.D. La. March 1, 2019), adopted, 2019 WL 1277522 (E.D. La. March 20, 2019). (summarily dismissing removed case because there was no basis for removal and because there was no court to which case could be remanded).

but a removal of a criminal prosecution to the federal court is permitted in only very narrow circumstances that are not present here. The only exceptions are those brought in state court against officers or agencies (or their agents) of the United States (§ 1442), against members of the armed forces (§ 1442a), or against defendants whose federal (race-based) civil rights a state court refuses (or is unable) to enforce (§ 1443). Because none of these exceptions applies here, the court must summarily remand this case.

Moreover, even if the removal of criminal prosecutions were permitted by section 1446, a federal court would still be required to dismiss the case pursuant to the abstention doctrine of *Younger v. Harris,* 401 U.S. 37 (1971). Under *Younger,* a federal court is to refrain from interfering in a state criminal case over which it otherwise has jurisdiction where there is (1) an ongoing state judicial proceeding, instituted prior to the federal proceeding (or at least instituted prior to any substantial progress in the federal proceeding), that (2) implicates an important state interest, and (3) provides an adequate opportunity for the defendant to raise the claims advanced in his federal lawsuit. 401 U.S. at 43–45, 53–54. *Younger* recognizes that states have an important interest in administering their criminal proceedings free from federal interference. *Rossi v. Gemma,* 489 F.3d 26, 34–35 (1st Cir.2007).

Accordingly, this action is HEREBY REMANDED to the Second District Court, Davis County, State of Utah, and the Clerk Court is directed to close this case.[3]

DATED this 18th day of April, 2023.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

---

[3] This case is remanded (rather than dismissed) because it appears from the State Court docket that Ms. Eggleston has filed an "Objection and Challenge to Jurisdiction Change of Venue – Removal and Transfer," and the City of Centerville has opposed the objection. To the extent the State Court action is considered closed, this action is dismissed.